WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald M. Moore,                      ) | No. CV 95-2342-PHX-SMM |
|                                   )                   Petitioner, ) | **ORDER** |
| vs.                                           ) | |
| State of Arizona, *et. al.*,              ) | |
|                                   )                  Defendants. ) | |

Pending before the Court is Gerald M. Moore's ("Moore") Motion to Reinstate Habeas Corpus Proceedings. (Dkt.67.) Alternatively, Moore moves for leave to file a Complaint pursuant to 42 U.S.C. § 1983. (*Id.*)

**BACKGROUND**

**A.  Statement of Facts**

Moore was indicted on four counts of aggravated driving under the influence ("DUI") and one count of false reporting to a police officer on September 4, 1992. In trial, Moore was convicted of each count. Moore was then incarcerated for 3 years and thereafter released. Since his conviction, Moore has sought post-conviction relief in the state courts and through a habeas petition before this Court.

### B.     Procedural History[1]

The Arizona Court of Appeals rejected Moore's original appeal of his conviction on April 13, 1995. This appeal consisted of a single claim: the trial court abused its discretion in failing to suppress the results of a blood alcohol test performed the night of Moore's arrest. Moore then filed a petition for review and a request for fundamental-error review to the Arizona Supreme Court. There were six grounds for review in Moore's appeal, none of which was the claim from the filing in the lower court. The Arizona Supreme Court summarily denied both the petition and the request on September 14, 1995.

On November 16, 1995, Moore filed a habeas petition with this Court. The Court initially dismissed the petition on the grounds that the claims therein were procedurally defaulted. This default occurred because the constitutional claims were not brought before the Arizona Court of Appeals, and therefore were never properly before the Arizona Supreme Court. After the Court denied a motion for consideration, Moore appealed to the Ninth Circuit Court of Appeals. The Ninth Circuit vacated this Court's ruling and remanded the matter back to this Court because Moore's claims were unexhausted in state court. On August 4, 1999, the habeas petition was dismissed without prejudice so Moore could pursue state remedies.

Thereafter, on December 30, 2005, Moore filed a Notice of Post-Conviction Relief with the Arizona Court of Appeals. The court found the original trial court's refusal of a post-conviction relief request had been an abuse of discretion, but it denied relief after its review of the record. Moore appealed, and the Arizona Supreme Court denied review. The instant motion was filed on February 7, 2008.

---

[1] In compiling the Procedural History for this Order, the Court relied on the "Procedural History" in the State's Answering Brief to the Ninth Circuit Court of Appeals (Dkt. 70 Ex. C), the instant motion (Dkt. 67), and the "Procedural Background" of the State's Response to the instant motion. (Dkt 70.)

**STANDARD OF REVIEW**

"[A] habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition." *Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006). Once the petition has been dismissed, the relation back doctrine does not apply because "there is nothing to which the new petition could relate back." *Id.* (citing *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999)). The only exception to this rule occurs when the district court erred in dismissing the earlier habeas petition and the petitioner fought its dismissal. *See Anthony v. Cambra*, 236 F.3d 568, 573-74 (9th Cir. 2000). Under those circumstances, a court can exercise its *nunc pro tunc* power to relate a subsequent petition back to the first one filed. *See Id.*

**DISCUSSION**

Ninth Circuit precedent precludes Moore's request to "reinstate" his habeas petition. Moore contends, without citation, that there is "Ninth Circuit precedent holding that where dismissal of the Petition proceeding will result in the Petitioner being out-of-court due to the inability to meet the "in custody" requirement of 28 U.S.C. §2254, a District Court should stay the proceedings rather than dismiss them." The Court's own research failed to locate any support for this claim. Should such a precedent exist, it is inapplicable to the matter before the Court. The language of the contention is forward-looking and gives advice on what a court could do when faced with dismissing a habeas petition. This Court is being asked to retroactively change the dismissal of the previous habeas claim into a stay or abeyance. The Court finds no precedent permitting such an Order.

The State correctly distinguishes the matter before the Court from the situation in *Anthony*. Moore agreed to the dismissal of his original habeas petition to pursue state court remedies. The issue in *Anthony* arose when the district court failed to allow the petitioner to amend his petition to remove unexhausted claims. *Anthony*, 236 F.3d at 574. When Moore's first petition was dismissed, there was no reason to amend it, as he had failed to exhaust each of the claims. Thus, the exception allowing a court to relate back a subsequent habeas petition in applicable to the instant motion.

In the alternative, Moore requests leave to file a complaint under 42 U.S.C. § 1983, citing the collateral consequences presumed in *Spencer v. Kemna* as his damages. *Spencer v. Kemna*, 523 U.S. 1, 10 (1998). The State does not oppose this request.[2] The Court will therefore permit Moore to file the complaint according to the requirements of 42 U.S.C. § 1983.

## CONCLUSION

In light of the reasons set forth above,

**IT IS HEREBY ORDERED DENYING** Moore's Motion to Reinstate Habeas Corpus Proceedings. (Dkt. 67.)

**IT IS FURTHER ORDERED GRANTING** Moore leave to file a complaint under 42 U.S.C. § 1983.

DATED this 26th day of June, 2008.

_____
Stephen M. McNamee
United States District Judge

---

[2] In its Response, the State took no position on this request. This is not to be construed as an admission on its part on the merits of such a claim or a waiver of any defenses that could be raised. Similarly, the Court takes no position on the claim's validity until it has been filed and reviewed.