WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald M. Moore,<br><br>           Plaintiff,<br><br>vs.<br><br>George A. Herman, *et al.*,<br><br>           Defendants. | No. CV 95-2342-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Gerald Moore's ("Moore") Motion for Assignment of New District Judge Due to a Potential Appearance of Bias, Prejudice or Impartiality. (Dkt. 71.) After careful consideration, the Court finds the following.

**BACKGROUND**

**A.     Statement of Facts**

Sometime prior to 1990, Moore was engaged in a temporary landscaping relationship with the judge presiding over this Court. (Dkt. 73 Affidavit ¶ 3.) In 1990, Moore contacted this Court "to inquire as to the procedure for filing a petition of habeas corpus." (*Id.* ¶ 4.)

**B.     Procedural History**

Moore filed a *pro se* petition for a Writ of Habeas Corpus on October 27, 1995. (Dkt. 1.) The petition was randomly assigned to this Court, and subsequently referred to Magistrate

Judge Sitver[1]. (Dkt. 2.) This Court initially dismissed the petition with leave to amend. (Dkt. 3.) After Moore amended and re-filed his petition, the matter was again before Magistrate Judge Sitver. Thereafter, Magistrate Judge Sitver drafted a detailed Report and Recommendation recommending that the petition be dismissed. (Dkt. 52.) This Court adopted the Magistrate Judge's recommendation and dismissed the petition. (Dkt. 56.)[2] Moore then appealed to the Ninth Circuit. On remand from the Ninth Circuit, this Court dismissed Moore's petition without prejudice on August 4, 1999. (Dkt. 66.)

On February 7, 2008, Moore, through counsel, moved to reinstate his habeas petition. (Dkt. 67.) The instant motion was filed on June 20, 2008.

## STANDARD OF REVIEW

Disqualification of judges is governed by 28 U.S.C. §§ 144 and 455(a). Section 144 reads:

> "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

The timeliness clause ("shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard") has been interpreted to mean ten days prior to the start of the trial of the issue. *See U.S. v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999). Section 455(a) states that "[a]ny justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be

---

[1] Magistrate Judge Sitver has since retired.

[2] The only involvement this Court had in the matter prior to adopting the Report and Recommendation was denying a motion to reconsider one of Magistrate Judge Sitver's Orders. (Dkt. 24.)

1 questioned." Questions regarding a judge's impartiality must generally arise from
2 "extrajudicial" factors; sources other than the judicial proceeding at hand. *Liteky v. United*
3 *States*, 510 U.S. 540, 554 (1994). When evaluating a motion to disqualify a judge, the Ninth
4 Circuit employs an objective test. *Clemens v. U.S. Dist. Court for Central Dist. of Cal.*, 428
5 F.3d 1175, 1178 (9th Cir. 2005). Under both recusal statutes, the substantive standard is
6 "whether a reasonable person with knowledge of all the facts would conclude that the judge's
7 impartiality might reasonably be questioned" or "whether a reasonable person perceives a
8 significant risk that the judge will resolve the case on a basis other than the merits." *Id.*
9 (citations omitted); *Pesnell v. Arsenault*, 2008 WL 2579197, *4 (9th Cir. 2008). The Ninth
10 Circuit has recognized a helpful, nonexhaustive Tenth Circuit list of various matters not
11 ordinarily sufficient to require a recusal. *Clemens*, 428 F.3d at 1178. These matters include:

> (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but which are in fact false or materially inaccurate or misleading; and (7) threats or other attempts to intimidate the judge.

18 *Id.* (citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

19 **DISCUSSION**

20 **A.     Procedural requirements**

21 The only procedural requirements for a recusal affidavit are included in 28 U.S.C. § 144.
22 The affidavit must (1) be timely, or (2) indicate good cause why it is untimely, and (3) be the
23 only such affidavit filed in the matter, and (4) be accompanied by a certificate of counsel of
24 record stating that it is made in good faith. *Id.*

25 No trial date for this matter has been set, therefore Moore's affidavit is timely. Moore's
26 motion meets the third procedural prong demanded by § 144 because no other recusal
27 requests have been filed. Further, Moore's motion is accompanied by a certification of good

faith by his counsel of record. Thus, procedural requirements have therefore been satisfied by Moore..

### B. Substantive requirements

"[T]he facts and the reasons for the belief that bias or prejudice exists" required by § 144 cited by Moore include: "repeated seasonal landscape-type work [for the judge] . . . over a period of several years," which terminated sometime before 1990, possible "discomfort to the assigned District Judge and to [Moore]" due to Moore's appearance in the courtroom, and a statement made by the presider of this Court in 1990 that, at the time, "if a case involving [Moore] was assigned to [this Court]" the presider "would have to remove himself." (Dkt. 73 at 1-2; Dkt. 73 Affidavit ¶¶ 3-4.)[3]

The Court must exercise its discretion to determine whether a reasonable person would believe this contractual, seasonal relationship nearly two decades ago would create a present day "risk that the judge will resolve the case on a basis other than the merits." Moore argues that the Judge's mere familiarity with the defendant creates a "potential for an appearance of bias or prejudice" or a "question as to the Judge's impartiality." This rationale was explicitly held "not ordinarily sufficient" to require a recusal by the Ninth Circuit in *Clemens*. *Clemens*, 428 F.3d at 1178. Since the phone call regarding a specific filing procedure was made, Moore's "prior interaction with the Court was always by way of written motion pleadings . . . ." (Dkt. 73 at 2.) The Supreme Court in *Liteky* explicitly ruled such interactions "almost never constitute a valid basis for a bias or partiality motion . . . unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." 510 U.S. at 554-555. Moore has not indicated anything resulting from the prior relationship or his interactions with the Court which would indicate any bias this Court has against him, or has in favor of his opponent. As Moore has supplied no extraordinary circumstances that would suggest the prior relationship was beyond the type mentioned in *Clemens*, this Court does not believe a reasonable person aware of this former seasonal

---

[3]This quote was supplied by Moore out of context of the surrounding conversation.

- 4 -

1  relationship "would conclude that the judge's impartiality might reasonably be questioned."
2  The considerable passage of time and complete lack of personal interaction with Moore has
3  removed any questions regarding this Court's ability to remain impartial.
4      Although Plaintiff has failed to establish a legal basis for disqualification, the undersigned
5  concludes that recusal and reassignment would best serve the parties and the Court.

## CONCLUSION

7      In light of the reasons set forth above,
8      **IT IS HEREBY ORDERED DENYING** Moore's Motion For Assignment of New
9  District Judge Due to a Potential Appearance of Bias, Prejudice or Impartiality. (Dkt. 71.)
10     The undersigned hereby **RECUSES** himself and **ORDERS** that the case be referred to the
11 Clerk of the Court for reassignment to another judge of this Court by random lot.
12     DATED this 12th day of August, 2008.

_____
Stephen M. McNamee
United States District Judge